718 F.2d 550
 Kevin WILSON, Plaintiff-Appellant,
v.
Parole Officer William STEINHOFF and Five Unknown Named
Parole Officers of the New York State Division of Parole and
Four Unknown Named Agents of the Federal Bureau of
Investigation and Six Unknown Detectives of the Bronx
Narcotics Task Force and Three Unknown Named District
Attorneys of Bronx County and Honorable Justice Seewald of
the Bronx Criminal Court and Honorable Justice Beerman and
Steven Gordon Attorney at Law; City of New York, State of
New York Unknown Named Police Officers, Defendants-Appellees.
 Cal. No. 1523, Docket 82-2308.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 11, 1983.
Decided Sept. 29, 1983.
 
 C. Christopher Alberti, New York City (Debevoise & Plimpton, Standish F. Medina, Jr., George T. Spera, Jr., and Monique A. Witt, New York City, of counsel), for plaintiff-appellant.
 Bridget Farrell, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Melvyn R. Leventhal, Deputy First Asst. Atty. Gen. and Gerald J. Ryan, Asst. Atty. Gen., New York City, of counsel), for defendant-appellee Steinhoff.
 Before VAN GRAAFEILAND and PRATT, Circuit Judges, and HOLDEN, District Judge.*
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Kevin Wilson appeals from a decision and order of the United States District Court for the Southern District of New York, Griesa, J., dismissing on motion appellant's pro se complaint alleging various violations of his civil rights. Although we are fully cognizant of the heavy burden placed upon our district judges by frivolous pro se complaints, we believe that the complaint herein states actionable claims against some of the above-captioned defendants and therefore should not have been dismissed in its entirety.
 
 
 2
 On June 25, 1974, appellant was convicted in New York State Supreme Court of burglary and jumping bail and was sentenced to consecutive terms of imprisonment totalling eleven years. Twenty months later, he was released on parole. On March 24, 1981, William Steinhoff, appellant's parole officer, obtained a parole violation warrant authorizing appellant's arrest. The basis for the warrant was that Wilson had failed to report as directed and that, without informing Steinhoff, he had changed his address by moving into an apartment leased by Denise Walker. On June 29, 1981, Wilson was taken into custody by Steinhoff and five other parole officers. Several of the officers then went to the Walker apartment, which Miss Walker gave them permission to search. A gun, drugs and stolen credit cards were discovered in the search.
 
 
 3
 Thereafter, Wilson was charged with possession of a weapon, a controlled substance and stolen property. Prior to trial in Criminal Court, New York City, Bronx County, Wilson moved to suppress the evidence which had been seized. Judge Beerman denied the motion after a hearing at which Wilson did not testify. Judge Beerman held that the search was authorized because it was conducted with Miss Walker's consent. Alternatively, he held that the search was reasonable because appellant had violated his parole and was believed to be unlawfully in possession of a gun. However, because of the State's inability to produce sufficient evidence at the trial to connect appellant with the seized contraband, the charges against him were dismissed at the close of the People's case.
 
 
 4
 On December 21, 1981, appellant filed a complaint in the Southern District of New York seeking declaratory relief, injunctive relief and damages against the above-captioned defendants on the ground that they had engaged in a conspiracy to deprive him of his civil rights. He alleged that Steinhoff had obtained the parole violation warrant "solely to assist [the FBI], who wanted to question plaintiff concerning alleged engagement in criminal activity," and that Steinhoff fabricated the parole violations asserted in the warrant application. Appellant also alleged that he was subjected to excessive force, unlawful interrogation, and malicious prosecution, and reiterated his contention that the search of the Walker apartment was unlawful.[1]
 
 
 5
 It appears that the only defendants properly served with the complaint were appellant's former attorney, Steven Gordon, and Judges Beerman and Seewald. The District Court Clerk's docket shows that these three defendants and Steinhoff were served by certified mail but that the complaint was not delivered directly to Steinhoff, as required by former Civil Rule 47 of the United States District Court for the Southern District of New York. However, the New York State Attorney General moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim against Steinhoff and the Division of Parole as well as the two judges. Although the Attorney General's Notice of Motion also referred, without elaboration, to Rule 12(b)(2), the lack of personal jurisdiction subdivision, the district court apparently disregarded this asserted ground for dismissal and dismissed the case against the two judges, the State of New York, and Steinhoff on the merits. The district court also concluded that the complaint failed to state a cause of action against any of the remaining defendants and dismissed it as to all of them, even though they had not yet been served.
 
 
 6
 Appellant, now represented by counsel, does not challenge the dismissal as to the Bronx prosecutors, Judges Beerman and Seewald, attorney Gordon, the City of New York, and the State of New York. Since, in any event, the claims against these defendants have either become moot or are without merit, their dismissal is affirmed.
 
 
 7
 The dismissal as to the remaining defendants must be reversed. If plaintiff can show that these defendants conspired to use the Parole Board solely for the purpose of gathering evidence in an unrelated criminal matter, with the result that Steinhoff deliberately misstated the basis for issuance of the warrant, a jury may find that appellant's constitutional rights have been violated. See Abel v. United States, 362 U.S. 217, 226, 80 S.Ct. 683, 690, 4 L.Ed.2d 668 (1960); United States v. Polito, 583 F.2d 48, 53 n. 6 (2d Cir.1978); United States v. Baca, 444 F.2d 1292, 1295 (10th Cir.), cert. denied, 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294 (1971); and cf. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676-77, 57 L.Ed.2d 667 (1978). A similar finding might be made if plaintiff is able to establish that he was physically abused following his apprehension. Batista v. Rodriguez, 702 F.2d 393, 395 (2d Cir.1983). A determination as to what effect, if any, the Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), may have on plaintiff's right of recovery must await the development of the facts.
 
 
 8
 The district court said that the claims against Steinhoff were "grounded on the allegation that Steinhoff arrested plaintiff in bad faith and in an unconstitutional manner." Concluding that Judge Beerman's decision on the suppression motion already had determined that appellant's arrest was made pursuant to a warrant and was constitutional, the district court held that appellant's claims against Steinhoff were barred under the doctrine of collateral estoppel. Appellant asserts correctly that, in so holding, the district court erred.
 
 
 9
 In considering Wilson's motion to suppress, Judge Beerman was concerned with the legality of the apartment search, not with claims of physical abuse. Assuming, for the argument only, that Judge Beerman's decision also passed upon the question of pretextual arrest, it still is without binding effect in this litigation. The doctrine of collateral estoppel may be invoked only where an issue of fact or law has been litigated and determined by a valid and final judgment and the determination was essential to the judgment. Tucker v. Arthur Andersen & Co., 646 F.2d 721, 728 (2d Cir.1981); Schwartz v. Public Adm'n, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). Judge Beerman's order denying appellant's motion to suppress was neither a final judgment nor an essential precursor to what was in fact the final judgment, the unappealable judgment of acquittal. See McGrath v. Gold, 36 N.Y.2d 406, 412, 369 N.Y.S.2d 62, 330 N.E.2d 35 (1975); Jones v. Saunders, 422 F.Supp. 1054 (E.D.Pa.1976). It follows that Judge Beerman's order has no collateral estoppel effect whatever in the instant action.
 
 
 10
 That portion of the order and judgment which dismisses the complaint as to the three prosecuting attorneys, Judge Seewald, Judge Beerman, attorney Gordon, the City of New York, and the State of New York is affirmed. That portion of the order and judgment which dismisses the complaint against Steinhoff and the unknown parole officers, FBI agents, detectives, and police officers is vacated. The claims against these defendants are remanded to the district court with instructions to permit appellant to amend his complaint so as to identify the unnamed defendants and, if plaintiff is still entitled to in forma pauperis status, to direct the marshall to effect proper service on those unnamed defendants and Steinhoff.
 
 
 11
 No costs to any party.
 
 
 
 *
 Of the District of Vermont, sitting by designation
 
 
 [1]
 Appellant, proceeding in forma pauperis and denying all wrongdoing, also alleged that the parole officers confiscated $965.00 which he had on his person, and that they placed a gun to the head of his three-year old son who was with him and "frisked" the tot. A skeptical reaction to these allegations well might distort one's view of the entire complaint