■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL SWEEPER, Appellant.—Judgment, Supreme Court, New York County (Sheldon Levy, J., at hearing and sentence), rendered June 18, 1984, which found defendant in violation of the terms of a sentence of probation imposed on January 8,

1980, and resentenced him to an indeterminate term of 5 to 15 years' imprisonment, unanimously reversed, on the law, and the matter remanded for a new hearing.

By judgment rendered January 8, 1980, defendant was convicted on his plea of guilty to criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31, now classified as criminal sale of a controlled substance in the fourth degree, Penal Law § 220.34; L 1985, ch 341, § 7). He was sentenced to five years' probation. Defendant was thereafter indicted, charged with the murder of one McKinley Freeman, a narcotics dealer. On November 14, 1983, at about 7:15 P.M., after the jury had been selected, with testimony scheduled to commence the following day, the prosecution's key witness, Robert Edmonds, was murdered. His name was one of the two that the People had, in compliance with an order of the trial court, disclosed to the defense earlier that same day. After an evidentiary hearing wherein defendant chose not to testify, the trial court (Myriam Altman, J.), granted the motion by the People to introduce the Grand Jury testimony of Edmonds on its direct case at trial. In *People v Sweeper* (122 Misc 2d 386), the court found that defendant was a ranking member of a criminal organization known as the Vigilantes which had a policy, called "process elimination", of killing potential witnesses against them who cooperate with the police. It further found, by clear and convincing evidence, that defendant was involved in the murder of Edmonds. Defendant was, by jury verdict, ultimately acquitted of the Freeman murder charge.

The Probation Department later commenced this proceeding seeking to revoke defendant's probation, based upon six specifications, including a fifth specification alleging defendant's participation in the murder of Edmonds. Defendant testified at the hearing and denied any connection with Edmonds' death. At the conclusion of the hearing, the court at Criminal Term sustained specifications one, two, four, and five. As to the fifth specification the court determined that defendant was collaterally estopped from disputing the finding in *People v Sweeper (supra)*.

We conclude, and the People concede, that Criminal Term improperly sustained the fifth specification, on the ground that defendant was precluded from relitigating the issue of his complicity in the murder of Edmonds. The pretrial decision in *People v Sweeper (supra)* should not have been accorded collateral estoppel effect, since defendant's decision not to testify at the pretrial hearing but to do so at the probation revocation hearing was a legitimate one. *(People v Plevy,* 52 NY2d 58, 66

[1980].) As the realities of the prior litigation, including its context and other circumstances, may have had the practical effect of deterring defendant from fully litigating his guilt there, defendant did not have a " 'full and fair opportunity' " to contest the issue. *(Supra,* at 65.) The pending murder charge was sufficiently serious to discourage defendant from taking the risk of testifying at that hearing, with the attendant peril for his impending trial. On the other hand, it was eminently reasonable for him to testify at the probation hearing. Once the onus of the Freeman homicide charge was lifted, he had every incentive to establish his innocence of participation in the murder of Edmonds.

It is also significant that the defendant was exercising his constitutional right not to testify in a criminal proceeding. In the analogous context of a suppression hearing such rights have been held to be superior to the doctrine of collateral estoppel. *(Supra.)* Further, defendant had no opportunity to appeal Justice Altman's evidentiary ruling, since it was interlocutory in nature and he was eventually acquitted. An unappealable interlocutory order is not sufficiently "final" to be accorded collateral estoppel effect. *(People v Sailor,* 65 NY2d 224, 229 [1985].)

We agree with the People that this case should be remanded for a new hearing to give the Probation Department " 'one full opportunity' " to prove the defendant's participation in Edmonds' death. *(People v Payton,* 51 NY2d 169, 177 [1980].) Remand for a new hearing, rather than dismissal of the fifth specification and a remand for resentencing on the remaining specifications, is the proper remedy since the hearing court's erroneous determination to invoke the doctrine of collateral estoppel caused the Probation Department not to present evidence supporting the fifth specification. *(Supra,* at 178.) Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin, JJ.