THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSEPH HOWARD, JR., Appellant.

Second Department, December 13, 1989

## APPEARANCES OF COUNSEL

*Matthew Muraskin (Kent V. Moston* and *Lisa M. King* of counsel), for appellant.

*Denis Dillon, District Attorney (Bruce E. Whitney* and *Douglas Noll* of counsel), for respondent.

## OPINION OF THE COURT

HARWOOD, J.

█ This appeal illustrates that the doctrine of collateral estoppel, in a criminal case, must be flexibly applied with due regard to constitutional and equitable considerations not ordinarily implicated in a civil case. We hold that, even though neither the prosecution nor the defense could have sought appellate review of determinations in a prior criminal proceeding, only the prosecution in this case is collaterally estopped from relitigating a factual issue determined in favor of the defendant in that prior proceeding.

On January 24, 1984, at approximately 7:50 P.M., two employees of the "Discount Dairy" located in Nassau County were robbed by two assailants, one of whom carried a sawed-off shotgun. The incident took 3 to 5 minutes, and both robbers left the scene. Fifteen days later, on February 8, 1984, in Queens County, the defendant was repairing an automobile registered in his girlfriend's name when he was approached by two police officers and a civilian, the latter of whom identified the defendant as the person who, he claimed, had just taken a shot at him. The defendant was placed under arrest and police officers seized from a leather bag which was located in the trunk of the defendant's girlfriend's car a loaded sawed-off shotgun and separately packaged ammunition. The defendant was subsequently charged with reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts).

Although no part of the official record of the Queens County prosecution has been made a part of the record underlying

this appeal, it is not disputed that in the Queens prosecution, the defendant moved to suppress the sawed-off shotgun and ammunition, and the Supreme Court, Queens County (Zelman, J.), denied him that relief. Rendered after an evidentiary hearing at which the defendant did not testify, the denial was apparently premised on a variety of grounds, including that, because the car was not in his name, the defendant had no standing to protest the search (see, People v Millan, 69 NY2d 514; People v Wesley, 73 NY2d 351; but cf., People v Ponder, 54 NY2d 160). Mention is also made by counsel of the determination that the gun was seized incident to a lawful arrest, although there is no indication that the Queens suppression court also determined that the gun was within the area from which the defendant might have then retrieved it (see, Chimel v California, 395 US 752).

In May 1984 the defendant was identified from a photographic array as the unarmed half of the duo which robbed the "Discount Dairy" in January 1984. On September 4, 1984, a Nassau County Grand Jury returned an indictment charging the defendant with two counts of robbery in the first degree. On or about September 13, 1984, the defendant proceeded to trial without a jury on the Queens County charges. The court (Zelman, J.) found the defendant not guilty of all counts, apparently concluding that both the testimony of the complaining witness concerning the reckless endangerment count and the testimony of police on the possession counts were incredible. The court also apparently found that there was no proof that the defendant exercised dominion and control over either the gun or the car from which it was seized.

Having been notified that the People intended to offer at trial of the Nassau County indictment evidence linking the sawed-off shotgun seized at the time of the Queens arrest to the Nassau County robbery, the defendant sought in the Nassau County prosecution suppression of the gun on the ground that New York City police seized it in violation of his constitutional and statutory rights. The County Court ultimately denied the application without a hearing, ruling that, because of the denial of his suppression motion which preceded his acquittal in Queens, the defendant was collaterally estopped from relitigating the legality of the shotgun's seizure.

The defendant was tried twice on the Nassau County robbery indictment. The first trial, at which no evidence was offered concerning the seizure in Queens of the shotgun,

culminated in a mistrial because the jury was unable to reach a verdict. At the outset of the retrial, the prosecutor indicated his intention to elicit evidence concerning recovery of the gun and the defendant's February 8, 1984 link to it. The defendant thereupon sought a ruling *in limine* precluding such evidence on the ground that, because of the determination by the Supreme Court, Queens County, that he was not guilty, *inter alia,* of possession of the shotgun, the People were collaterally estopped from eliciting evidence as to the events of February 8, 1984, linking him to the weapon. The trial court denied the defendant's application and a New York City police officer was permitted to testify that, on February 8, 1984, he observed the defendant working under the dashboard of a certain vehicle, that he placed the defendant under arrest, and that he searched the vehicle and thereby observed in an open bag in an open trunk the sawed-off shotgun which others linked to the robbery. The defense counsel was not permitted on cross-examination to elicit that the defendant was acquitted of the charges for which he was arrested in Queens County, and the jury was instructed that the reason for the defendant's seizure by the officer was not relevant and that "[t]he only testimony, if you find it relevant and material, relates to the weapon involved and not to the fact of the arrest, which means absolutely nothing". Prior to the giving of these instructions, both victims of the robbery and an eyewitness, each of whom identified the defendant as the unarmed robber, also identified the shotgun seized in Queens on February 8, 1984, which bore some distinctive markings, as that which was used during the earlier Nassau County robbery.

Collateral estoppel principles apply to criminal as well as civil cases and, in a criminal case, are both a part of and exist independently of the constitutional prohibition against double jeopardy *(People v Sailor,* 65 NY2d 224, 228-229; *see also, People v Berkowitz,* 50 NY2d 333, 344-345; *Matter of McGrath v Gold,* 36 NY2d 406; *Ashe v Swenson,* 397 US 436, 443). It is a flexible doctrine which is not to be applied blindly or mechanically in any context, but, because the concern in criminal litigation is not that it be merely concluded but that it be concluded correctly, particular care must be taken in criminal cases against rigid application. As a general matter, this doctrine involves determining that there is an identity with prior litigation of parties and of issues, that the prior litigation resulted in a final and valid judgment, and that the party now opposing the application of collateral estoppel had

full and fair opportunity in the prior litigation to contest the particular factual point at issue *(see, People v Goodman,* 69 NY2d 32, 38; *People v Sailor, supra,* at 229; *People v Berkowitz, supra,* at 347).

With respect to the collateral estoppel effect of the denial by the Supreme Court, Queens County, of that branch of the defendant's omnibus motion which was to suppress the gun and ammunition, the parties focus primarily on whether, because of his decision not to testify at the suppression hearing *(see, People v Plevy,* 52 NY2d 58), the defendant was deprived of a full and fair opportunity to litigate the propriety of the seizure of those items. This effort is misplaced. Because the defendant was ultimately acquitted of the Queens County charges, he could not seek appellate review of the suppression ruling. Thus, that determination was not sufficiently final to be accorded collateral estoppel effect *(see, People v Sailor, supra,* at 229; *Matter of McGrath v Gold, supra,* at 412; *People v Sweeper,* 127 AD2d 507, 509). The County Court therefore erred when it ruled that the defendant was collaterally estopped from litigating the Fourth Amendment issue in the robbery prosecution and the defendant is entitled to a new hearing on that issue.

■ We now turn to the defendant's assertion that, apart from whether the gun, the ammunition, and testimony concerning the Queens County arrest are to be suppressed on Fourth Amendment grounds, the People are collaterally estopped from eliciting such evidence in the Nassau County case by virtue of his acquittal of charges that he possessed the sawed-off shotgun which witnesses linked to the Nassau County robbery. To the extent the present record permits a determination of this issue, we resolve it in the defendant's favor.

It is recognized that, as a practical matter, the defendant's burden *(see, People v Acevedo,* 69 NY2d 478, 487; *see also, People v Goodman, supra,* at 40) of demonstrating that a not guilty determination in a prior prosecution for an unrelated crime necessarily included a factual issue raised in the second prosecution is a difficult one to meet *(see, People v Acevedo, supra; People v Berkowitz, supra).* It ordinarily requires an examination of all parts of the record of the prior proceeding so as to enable a court to conclude therefrom "whether a rational [trier of fact] could have grounded its decision on an issue other than that which the defendant seeks to foreclose from consideration" *(People v Goodman, supra,* at 40; *see also,*

*People v Acevedo, supra).* That examination was not undertaken by the County Court in this case, and, since the record of the Queens County trial is not now before us, it cannot be undertaken here. It is nonetheless obvious that in the Queens case, the People failed to prove that on a particular date the defendant exercised dominion and control *(see,* Penal Law § 10.00 [8]) over the shotgun. And while the People are precluded as a matter of law from appealing from that and any related determinations *(see,* CPL 450.20; *cf., People v Sailor, supra,* at 229), constitutional considerations *(see, Ashe v Swenson, supra)* as well as the requisite flexible application of the common-law doctrine of collateral estoppel nonetheless compel the conclusion that it would be "inequitable and harassive to again permit the prosecution to [try to] establish [that the defendant exercised dominion and control over the shotgun on February 8, 1984] as if the first trial had never taken place" *(People v Acevedo, supra,* at 485). It was therefore error, in the face of the defendant's motion *in limine,* to allow the People to elicit that the defendant was connected with the February 8, 1984, recovery of the gun.

Whether other determinations pertinent to the Nassau County robbery prosecution were necessarily resolved against the People in the Queens County prosecution cannot be determined on the present record. Moreover, and assuming the shotgun and related evidence are not excludable on Fourth Amendment grounds, we cannot say, in light of the binding determination that the defendant did not exercise dominion and control over the shotgun on February 8, 1984, whether evidence that the shotgun retrieved from the defendant's girlfriend's automobile is otherwise material and relevant on the issue of the defendant's guilt of the Nassau County robbery on January 24, 1984. These determinations must be made in accordance herewith by the County Court, either *in limine* or as the retrial proceeds. What is abundantly clear, however, is that, regardless of other considerations, to allow the People to elicit that the defendant was arrested and charged on February 8, 1984, and to simultaneously prohibit the defense counsel from also eliciting that he was acquitted of all charges stemming from that arrest is, quite simply, fundamentally unfair.

The defendant's remaining contentions are either without merit or are rendered academic in light of our determination, and we discern no basis for making comment upon them. Accordingly, the judgment appealed from is reversed, on the

law, and a new trial is ordered, prior to which the court shall conduct a suppression hearing in accordance herewith. No findings of fact have been raised or considered.

SULLIVAN, J. (concurring). I agree with the determination of my colleagues that the defendant is entitled to a hearing on his suppression motion in the Nassau County robbery prosecution, and that, at a minimum, the People are collaterally estopped from attempting to demonstrate in the Nassau County proceedings that the defendant exercised dominion and control over the shotgun on February 8, 1984. However, I write separately to express my view that the resolution of these collateral estoppel issues should not rest upon an analysis of appealability.

Collateral estoppel bars relitigation of both the ultimate factual issues which are expressly decided in a final judgment and those evidentiary factual issues which are necessarily resolved in reaching the final judgment (see, People v Acevedo, 69 NY2d 478). With respect to the suppression issue, it is clear that the Supreme Court's pretrial suppression determination was interlocutory in nature and by itself was not sufficiently final to be accorded collateral estoppel effect. Hence, our focus should be upon whether the resolution of the defendant's motion to suppress in the Queens County proceedings consisted of a factual finding, the determination of which was necessary to or essential in arriving at the final judgment in that case (see, People v Acevedo, supra). It is clear that the determination of the defendant's suppression motion was not an essential component of the final Queens County judgment acquitting him of possession of the shotgun on February 8, 1984. For this reason, the hearing determination is not entitled to collateral estoppel effect, and the defendant is entitled to challenge the seizure of the physical evidence in the Nassau County robbery prosecution.

The same principle requires that the People be collaterally estopped in the Nassau County prosecution from litigating the issue of the defendant's exercise of dominion and control over the shotgun on February 8, 1984. The final judgment of acquittal in the Queens County prosecution necessarily determined that the defendant did not in fact exercise such dominion and control over the weapon on that date. Accordingly, it would be manifestly unfair to permit the prosecution to relitigate the issue in the Nassau County robbery prosecution (see, People v Acevedo, supra).

Hence, inasmuch as the doctrine of collateral estoppel is concerned only with final judgments and those factual determinations which are necessary thereto, I do not share my colleagues' reliance upon an analysis of appealability in resolving the instant matter.

SPATT, J. P., and BALLETTA, J., concur with HARWOOD, J.; SULLIVAN, J., concurs in a separate opinion.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, prior to which the court shall conduct a suppression hearing in accordance herewith. No findings of fact have been raised or considered.