Kyle JOHNSON;  Leticia Johnson,
Plaintiffs–Appellants,

v.

Ivan WATKINS;  Chris Calloway,
Defendants–Appellees.

No. 488, Docket 96–7410.

United States Court of Appeals,
Second Circuit.

Argued Oct. 11, 1996.

Decided Dec. 10, 1996.

David R. Hayes, Assistant Corporation Counsel, Buffalo, NY (Michael B. Risman, Senior Deputy Corporation Counsel, Edward D. Peace, Corporation Counsel, City of Buffalo, Buffalo, NY, of counsel), for Defendants–Appellees.

Lucian C. Parlato, Williamsville, NY, submitted a brief for Plaintiffs–Appellants.

Before: CARDAMONE, MAHONEY,[*] Circuit Judges, and RESTANI,[**] Judge.

CARDAMONE, Circuit Judge:

Kyle and Leticia Johnson appeal the March 8, 1996 judgment of the United States District Court for the Western District of New York (Elfvin, J.) that granted summary judgment in favor of two arresting officers in Kyle Johnson's suit for false arrest, and dismissed plaintiffs' complaint seeking damages under 42 U.S.C. § 1983 for violation of Johnson's civil rights and his wife's loss of consortium.

The issue raised is whether collateral estoppel bars plaintiff from proving his case where probable cause to arrest him was preliminarily determined at a suppression hearing, despite his later acquittal at trial. Key to the use of collateral estoppel in civil litigation is whether there was a full and fair opportunity to litigate an issue already decided adversely to one party. Central to a full opportunity to litigate is whether appellate review of an adverse holding was available. If not, full and fair litigation was absent and collateral estoppel does not apply. Since here plaintiff had no opportunity to appeal the finding of probable cause, the doctrine of collateral estoppel does not bar suit.

## BACKGROUND

### A. Kyle Johnson's Arrest and Subsequent Acquittal

On March 2, 1993 Kyle Johnson was with two friends on the corner of Bailey and Schreck Avenues in the City of Buffalo, when they were approached by defendants, officers of the Buffalo Police Department. The encounter resulted in the seizure of a loaded .38 caliber handgun, and Johnson's arrest on a charge of illegal possession of a weapon. Defendants also seized bags of what they thought was crack cocaine, but later turned out to be Ivory soap flakes.

Johnson was taken to the police station and charged with third-degree criminal possession of a weapon in violation of N.Y. Penal Law § 265.02(3) & (4) and seventh-degree criminal possession of a controlled substance in violation of N.Y. Penal Law § 220.03. The drug charge was dropped after laboratory tests revealed that the seized substance was soap. A grand jury indicted Johnson on the weapons charge.

Prior to trial, Johnson moved to suppress the gun as the product of an illegal arrest. A pretrial suppression hearing was held on December 8, 1993. At the hearing, Johnson's counsel cross-examined the prosecution's witnesses and drew the hearing officer's attention to inconsistencies in their testimony. Nonetheless, the hearing officer concluded there was probable cause for the arrest and recommended that the suppression motion be denied. An order denying the motion was entered by the New York State Supreme Court, Erie County, on January 14, 1994. The State criminal proceedings culminated in a two-day jury trial. At the conclusion of the trial, the jury returned a verdict of not guilty.

### B. The Proceedings Below

Following the acquittal, on April 13, 1994, Johnson and his wife Leticia filed the instant

---

[*] The Honorable J. Daniel Mahoney, who was a member of the panel, died on October 23, 1996, and the appeal is being decided by the remaining two members of the panel, who are in agreement. See Local Rule § 0.14(b).

[**] Hon. Jane A. Restani, United States Judge for the Court of International Trade, sitting by designation.

complaint against the arresting police officers in the District Court for the Western District of New York (Elfvin, J.) under 42 U.S.C. § 1983 alleging false arrest and malicious prosecution. After filing their answer, defendants moved for summary judgment on the ground that the finding of probable cause to arrest plaintiff made at the pretrial suppression hearing in the earlier State criminal proceeding collaterally estopped Johnson from proving false arrest.

Defendants' motion was granted by memorandum and order dated February 29, 1996. Accepting defendants' invitation to apply collateral estoppel, the district court held that Johnson could not relitigate the issue of probable cause. It held that (i) the issue of probable cause had been determined in the prior proceeding and was necessary to the judgment of acquittal and (ii) that Johnson had been given a full and fair opportunity to litigate the issue. Explaining its holding that the finding of probable cause was necessary to the judgment of acquittal, the district court stated that "the case never would have proceeded to trial absent the determinations that the arrest was legal and that probable cause existed." Because lack of probable cause is an essential element of the claims for malicious prosecution and false arrest, it further reasoned that the defendants were entitled to summary judgment.

As additional support for its holding that Johnson had been given a full opportunity to litigate, the trial court noted that he had a strong interest in suppressing the weapon as evidence, was zealously represented by counsel, there was no evidence that the forum was hostile or inconvenient, he was now making many of the same arguments to the district court that he had made to the hearing officer in the State criminal proceeding, and that the possibility of further litigation following an acquittal must have occurred to him.

The trial court expressly rejected plaintiffs' argument that Johnson's inability to appeal adverse findings in the suppression hearing (given his acquittal) should preclude collateral estoppel. Although the district court was aware of contrary holdings in *Jones v. Saunders*, 422 F.Supp. 1054, 1055 (E.D.Pa.1976) (applying Pennsylvania law) and *Glover v. Hunsicker*, 604 F.Supp. 665, 666 (E.D.Pa.1985) (same), cited by the plaintiffs, it apparently determined that the rule that collateral estoppel should not apply in the absence of an ability to appeal adverse findings was a peculiarity of Pennsylvania law. Relying on the Tenth Circuit's decision in *Hubbert v. City of Moore, Okl.*, 923 F.2d 769, 772–73 (10th Cir.1991) (applying Oklahoma law), *questioned by Bell v. Dillard Dep't Stores*, 85 F.3d 1451, 1456–58 (10th Cir.1996), the district court found nothing out of the ordinary in giving preclusive effect to pretrial findings followed by an acquittal. This appeal followed.

## DISCUSSION

Appellants' sole contention on appeal is that granting summary judgment was error because the jury verdict of not guilty at Johnson's criminal trial precluded giving collateral estoppel effect to the finding of probable cause made by the State court at the suppression hearing.

■ Under 28 U.S.C. § 1738 a federal court must, in according full faith and credit, give to a State court judgment the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered. *Giakoumelos v. Coughlin*, 88 F.3d 56, 59 (2d Cir.1996). This rule applies with equal force to actions brought under 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980). We therefore look to New York law to determine what preclusive effect would be given to findings made at a pretrial suppression hearing in a criminal action when the criminal action results in an acquittal.

■ Under New York law, the doctrine of collateral estoppel, or issue preclusion, "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." *Weiss v. Manfredi*, 83 N.Y.2d 974, 976, 616 N.Y.S.2d 325, 639 N.E.2d 1122 (1994). There are two requirements for the invocation of the doctrine of collateral estoppel under New York law: (1)

"[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" and (2) "there must have been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Adm'r,* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). In determining whether a party has had a full and fair opportunity to litigate, a court must be mindful of the realities of the litigation. *People v. Roselle,* 84 N.Y.2d 350, 357, 618 N.Y.S.2d 753, 643 N.E.2d 72 (1994).

The doctrine promotes important goals: it allows a party only one opportunity to litigate an issue thereby conserving the time and resources of the parties and the court; promotes the finality of judgments; preserves the integrity of the judicial system by eliminating inconsistent results; and ensures that a party not be able to relitigate issues already decided against it in prior litigation. *See generally People v. Aguilera,* 82 N.Y.2d 23, 30, 603 N.Y.S.2d 392, 623 N.E.2d 519 (1993) (explaining rationale behind doctrine); *Staatsburg Water Co. v. Staatsburg Fire Dist.,* 72 N.Y.2d 147, 152–53, 531 N.Y.S.2d 876, 527 N.E.2d 754 (1988) (same). In actions brought under § 1983 the doctrine also serves the important purpose of promoting comity between State and federal courts. *Allen v. McCurry,* 449 U.S. at 95–96, 101 S.Ct. at 415–16.

The institutional benefits gained for the administration of the legal system through application of collateral estoppel do not come without a price. By foregoing the opportunity to reexamine an issue, a degree of certainty about the correctness of the prior result is sacrificed, that is to say, the bar of collateral estoppel carries with it the devastating danger that the first decision on an issue may have been wrong and will remain unremedied. 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4416, at 142 (1981) (*Federal Practice and Procedure*). Use of the doctrine represents an informed choice that the occasional permanent encapsulation of a wrong result is a price worth paying to promote the worthy goals of ending disputes and avoiding repetitive litigation. *People v. Berkowitz,* 50 N.Y.2d 333, 345, 428 N.Y.S.2d 927, 406 N.E.2d 783 (1980).

■ Recognizing that the doctrine places termination of litigation ahead of the correct result, the application of collateral estoppel has been narrowly tailored to ensure that it applies only where the circumstances indicate the issue estopped from further consideration was thoroughly explored in the prior proceeding, and that the resulting judgment thus has some indicia of correctness. *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987).

■ Under New York law, appellate review plays a critical role in safeguarding the correctness of judgments, *Malloy v. Trombley,* 50 N.Y.2d 46, 51, 427 N.Y.S.2d 969, 405 N.E.2d 213 (1980), and collateral estoppel cannot be applied without first considering the availability of such review. If a party has not had an opportunity to appeal an adverse finding, then it has not had a full and fair opportunity to litigate that issue. *People v. Medina,* 208 A.D.2d 771, 772, 617 N.Y.S.2d 491 (App. Div.2d Dep't 1994), *appeal denied,* 84 N.Y.2d 1035, 623 N.Y.S.2d 191, 647 N.E.2d 463 (1995). Hence, collateral estoppel will not bar reconsideration of an issue if there is an inability to obtain review or there has been no review, even though an appeal was taken. *Gelb,* 798 F.2d at 44; *People v. Sailor,* 65 N.Y.2d 224, 229, 491 N.Y.S.2d 112, 480 N.E.2d 701, *cert. denied,* 474 U.S. 982, 106 S.Ct. 387, 88 L.Ed.2d 340 (1985); *accord Restatement (Second) of Judgments* § 28(1) cmt. a (1982) ("If review is unavailable because the party who lost on the issue obtained a judgment in his favor, the general rule of [collateral estoppel] is inapplicable by its own terms."); 18 *Federal Practice and Procedure* § 4421, at 201 ("Since appellate review is an integral part of the system, there is strong reason to insist that preclusion should be denied to findings that could not be tested by the appellate procedure ordinarily available.").

■ Applying this rule in the acquittal context, New York courts have held that facts determined in a pretrial suppression hearing cannot be given preclusive effect against a defendant subsequently acquitted of the charges. This rule is predicated on the defendant's lack of an opportunity to

obtain review of an issue decided against him. *See, e.g., Williams v. Moore,* 197 A.D.2d 511, 513, 602 N.Y.S.2d 199 (App. Div.2d Dep't 1993); *People v. Howard,* 152 A.D.2d 325, 329, 548 N.Y.S.2d 785 (App. Div.2d Dep't 1989), *appeal denied,* 75 N.Y.2d 814, 552 N.Y.S.2d 564, 551 N.E.2d 1242 (1990); *People v. Sweeper,* 127 A.D.2d 507, 509, 511 N.Y.S.2d 860 (App. Div. 1st Dep't 1987); *accord Wilson v. Steinhoff,* 718 F.2d 550, 552 (2d Cir.1983) ("[pretrial suppression hearing order] was neither a final judgment nor an essential precursor to what was in fact the final judgment, the unappealable judgment of acquittal"); *Crespo v. New York City Police Comm'r,* 930 F.Supp. 109, 115 (S.D.N.Y.1996) ("collateral estoppel [does not apply where] appellate review of a suppression determination in a prior proceeding was foreclosed by an acquittal").

*Williams v. Moore* is particularly apt in considering the circumstances of the instant case. The plaintiff, Williams, was arrested and charged with robbery based on the victim's identification of him as the culprit. A pretrial suppression hearing was held and probable cause for the arrest was found to exist. At trial, after the prosecution's star witness identified another person as a more likely suspect, the prosecution consented to a dismissal. In a subsequent action Williams brought against the officers who arrested him, the police officers sought to invoke collateral estoppel to bar relitigation of the issue of probable cause, on the ground that it had already been determined in the suppression hearing. The New York court refused to give preclusive effect to the pretrial suppression hearing findings, stating that "[s]ince the criminal charges against the plaintiff were ultimately dismissed ... the plaintiff was precluded from seeking appellate review of the pretrial ... determination." 197 A.D.2d at 513, 602 N.Y.S.2d 199. It held therefore that the prior determination was not final for the purpose of invoking collateral estoppel.

Similarly, in the present case, Kyle Johnson's acquittal precluded the district court from giving collateral estoppel effect to determinations made at the suppression hearing earlier in the criminal proceedings. Before the jury's verdict, any appeal of the State court's ruling of probable cause would have been premature. After final judgment was entered that issue was moot. Thus, Johnson had neither the opportunity nor the incentive to appeal the adverse finding of probable cause to arrest him. Because there was no opportunity to appeal this adverse finding, that issue was not fully and fairly litigated. *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1458 (2d Cir.1995); *Gelb,* 798 F.2d at 44; *Wilson,* 718 F.2d at 552; *Williams,* 197 A.D.2d at 513, 602 N.Y.S.2d 199. Consequently, applying the doctrine of collateral estoppel for the purpose of granting summary judgment dismissing plaintiffs' complaint was error.

## CONCLUSION

For the reasons stated, the judgment of the district court granting summary judgment to the defendants is reversed, and the case is remanded for further proceedings on the merits of plaintiffs' claims.