Charles SCOTT, Plaintiff,

v.

Joseph A. SINAGRA; George Carlson; Robert J. Keller; John O. Sheeley; Town of Ulster; Town of Ulster Police Department; City of Kingston; and City of Kingston Police Department, Defendants.

No. 00–CV–276.

United States District Court, N.D. New York.

Aug. 16, 2001.

---

510

Michael J. Andrews, P.C., (Michael J. Andrews, Esq. of Counsel), New York City, for plaintiff.

McCabe & Mack, LLP, (David L. Posner of Counsel), Poughkeepsie, NY, for Defendants Sinagra, Keller, Sheeley, Town of Ulster, & Town of Ulster Police Department.

Cook, Tucker, Netter & Cloonan, P.C. (Robert D. Cook, Esq., Of Counsel), Kingston, NY, Attorneys for Defendants Carlson, City of Kingston, & City of Kingston Police Department.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff Charles Scott ("Scott" or "plaintiff") brings this action for deprivation of his rights secured by the Constitution and laws of the United States and the State of New York resulting from a traffic stop on May 24, 1997. Plaintiff claims violations under the Fourth and Fourteenth Amendments; 42 U.S.C. § 1983; Article 1, § 12 of the New York State Constitution; and New York common law negligence. Defendants seek summary judgment to dismiss all claims pursuant to Fed.R.Civ.P. 56(c). Plaintiff opposes. Oral argument was heard on May 25, 2001, in Albany, New York. Decision was reserved.

## II. FACTS

The following facts are undisputed except as noted. On May 24, 1997, Town of Ulster Police Officers, defendants Robert J. Keller ("Keller") and John O. Sheeley ("Sheeley"), were in their respective patrol cars at the New York State Thruway Kingston exit plaza. Scott was a passenger in a vehicle on the Thruway. Keller left the plaza shortly before Scott's vehicle exited the Thruway and passed through the Kingston toll booth. Sheeley radioed a description of the Scott vehicle to Keller because it allegedly had a cracked windshield and was missing a license plate. Keller pulled the vehicle over and questioned the driver. Sheeley arrived and approached the passenger (Scott's) side of the vehicle.

Defendants assert that Sheeley smelled marijuana and noticed that Scott was nervous, sweating, and had a bulge in his front pocket. He asked plaintiff to exit the vehicle. When Scott got out of the car, Sheeley saw a bag of marijuana on the floor of the passenger side, resting against the transmission housing. He then tried to pat Scott down, concentrating on the bulge in his front pocket. Scott resisted, pushed Sheeley's hand away, and fled across a park towards a wooded area and a stream. Sheeley and Keller gave chase

and overtook plaintiff. A struggle ensued that resulted in injury to both officers, but not to Scott.

Plaintiff, however, asserts that there was no marijuana, that he was not nervous or sweating and that there was no bulge in his pockets. Plaintiff states that he complied with Sheeley's request to exit the vehicle and truthfully responded to questioning about his travel. Plaintiff also asserts that the details of the struggle, which are not relevant on this motion, were different than as described by Sheeley and Keller. He further contends that he was injured in the scuffle.

At this point, City of Kingston Officer, defendant George Carlson ("Carlson"), arrived on the scene with his K–9 unit. According to Carlson he observed Keller on top of Scott, and Scott on top of Sheeley, and it appeared as though Scott was choking Sheeley. Carlson asserts that he was holding the dog on a leash with a metal lead and when he pushed Scott in the face to knock him off Sheeley, the metal lead struck plaintiff in the head, leaving a superficial cut that did not require stitches.

Plaintiff denies that he was choking Sheeley. Additionally, plaintiff contends that he was struck in the head with a flashlight.

Scott was arrested and charged with two counts of assault, resisting arrest, and possession of marijuana. Town of Ulster Police Officer, defendant Joseph Sinagra ("Sinagra"), arrived at the scene after Scott was in handcuffs. He prepared and signed the felony accusatory statement. The marijuana that Sheeley contended he had seen in the passenger side of the car was not recovered. Neither was anything found to explain the alleged "bulge" in plaintiff's front pocket. There is no indication that the driver of the vehicle in which Scott was a passenger was charged.

A preliminary hearing was held on May 27, 1997, in the Town of Ulster Court. Keller and Sheeley testified. Scott was represented by counsel. Although given the opportunity, he did not cross examine, nor did he testify or call a witness. He did, however, deny all accusations. The Town Court found that probable cause for the arrest existed. The Grand Jury did not indict plaintiff and all charges were dismissed.

### III. DISCUSSION

#### A. Standard

##### 1. Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The ultimate inquiry is whether a reasonable jury could find for the nonmoving party based on the evidence presented, the legitimate inferences that could be drawn from that evidence in favor of the nonmoving party, and the applicable burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir.1987). Nevertheless, "the nonmoving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998). The court's function "is

not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. 2505.

**B. Defendant Joseph A. Sinagra**

■ It is justifiable for a police officer to rely on information supplied by other police officers for purposes of probable cause. *Bernard v. United States*, 25 F.3d 98, 102–03 (2d Cir.1994). Sinagra arrived at the scene of the incident after Scott was subdued and handcuffed. He was directed by a superior officer to write a report and sign the two felony complaints against Scott. He relied on information supplied by Keller, Sheeley, and Carlson in drafting these documents.

Without citing any evidence, plaintiff's argument that Sinagra *actually knew* this information was insufficient to charge him is without merit. Viewing the evidence in the light most favorable to plaintiff, since Sinagra played no part in the alleged unlawful use of force, and since he was justified in relying on the information given him by Keller, Sheeley, and Carlson, all of the claims against him must be dismissed.

**C. Defendants Town of Ulster, Town of Ulster Police Department, City of Kingston, and City of Kingston Police Department**

■ A municipality can be held liable under § 1983 for action by one of its employees pursuant to official municipal policy that causes a constitutional tort. *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality cannot, however, be held liable for an employee's own wrongful actions under the respondeat superior doctrine. *Id.* at 691–92, 98 S.Ct. 2018. The municipal policy itself must cause the harm, not the actions of an

individual wrongly applying the policy. *Id.* However, failure to train police officers that "amounts to deliberate indifference to the rights of persons with whom the police come into contact" may serve as the basis for § 1983 liability. *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The need for this training must be "obvious," and the lack thereof must be "likely to result in the violation of constitutional rights." *Id.* at 390, 109 S.Ct. 1197.

■■ Plaintiff does not set forth any evidence that any policy or practice of the city or town encourages or supports the officers' alleged actions in this incident. Plaintiff also does not set forth evidence that the city or town failed to train or supervise the officers involved in this incident. There is certainly no evidence that the need for training was "obvious," that it was "likely" that constitutional rights would be violated without training, or that the failure to train amounted to "deliberate indifference" to plaintiff's rights. *See id.* The conclusory allegations claiming that a lack of training contributed to plaintiff's rights being violated is not enough to state a valid § 1983 claim. *See Butler v. Castro*, 896 F.2d 698, 700 (2d Cir.1990).

■ Plaintiff argues that the municipal defendants are liable for failing to train their officers adequately in the area of probable cause. Even assuming that the officers did not have probable cause to arrest plaintiff, he has presented no evidence to raise a question of fact that their actions resulted from a failure to train or supervise. Therefore, all claims against the municipalities must be dismissed.

**D. Defendants George Carlson, Robert J. Keller, and John O. Sheeley**

**1. Claim One: False Arrest**

■ A § 1983 claim for false arrest is substantially similar to New York State

common law. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996).[1] "An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997); *accord Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Probable cause is a complete defense to a claim of false arrest. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995). Summary judgment is proper when there are no disputes as to facts, however, a case "may require a trial if the facts are in dispute." *Weyant*, 101 F.3d at 852.

■■■ The finding of probable cause by the Town of Ulster Court in the preliminary hearing was not a full and fair adjudication. *See Johnson v. Watkins*, 101 F.3d 792, 795–96 (2d Cir.1996). Because this issue was made moot by the grand jury's decision not to indict Scott, collateral estoppel does not apply. *Id.* Also, the Town Court's ruling does not create a presumption that probable cause existed. *See Bernard v. U.S.*, 25 F.3d 98, 104 (2d Cir.1994). The finding by the Town Court, however, is some evidence in favor of the argument that there existed probable cause. For summary judgment purposes, though, this evidence does not tip the scales so far in favor of defendants so as to say that no genuine issue remains for trial. The account of the incident by Keller, Sheeley, and Carlson differs greatly from the account by Scott. The officers describe plaintiff as nervous and sweating, and claim that there was a bag of marijuana in the car and that he had a suspicious bulge in his front pocket that he tried to keep concealed from Sheeley. Scott, however, denies that he was nervous, that

there was marijuana in the car, or that there was a bulge in his front pocket. It is also significant that no marijuana was recovered from the car and that nothing was recovered from Scott's front pocket. Drawing inferences in favor of Scott, there exist questions of whether there were enough facts present to warrant a belief that plaintiff had committed, or was committing, an offense. *See Ricciuti*, 124 F.3d at 128. Because there is a dispute as to the facts of the incident, the question of whether there was probable cause is left for the trier of fact, and the false arrest claims cannot be dismissed.

**2. Claim Two: Excessive or Unreasonable Force**

■■■ While it is true that not every push by a police officer constitutes a violation of a person's rights, *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973), any force that is used must be "objectively reasonable." *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Finnegan v. Fountain*, 915 F.2d 817, 821 (2d Cir.1990). This "reasonableness must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. In judging reasonableness, the court must look at the circumstances surrounding the incident. *Id.* at 397, 109 S.Ct. 1865. Malice or intent on the part of the police officers is not required. *Id.*

■■■ The question of whether the force used was objectively reasonable is made moot if the arrest itself is found to be unlawful. *See Atkins v. New York City*, 143 F.3d 100, 103–04 (2d Cir.1998). If the arrest is unlawful, then the force used by the police officer in effecting this unlawful

---

1. Because the state law claims are substantially similar to the federal claims, the state claims are decided on the same grounds as the federal claims discussed in this decision.

arrest is also unlawful. *Id.* Admittedly, the officers did use some force. If a jury finds the arrest to be unlawful, then the force used was excessive.

■ Further, there is enough of a dispute of the facts to raise a question as to whether the force used by defendants Carlson, Keller, and Sheeley was "objectively reasonable." *See Graham,* 490 U.S. at 397, 109 S.Ct. 1865. As with the false arrest claim, this question is reserved for the trier of fact, and cannot be decided in favor of the defendant officers on a summary judgment motion.

### 3. *Claim Three: Malicious Prosecution*

■ The four elements of malicious prosecution that must be shown are (1) defendant initiated a prosecution against plaintiff; (2) the prosecution was without probable cause that it could succeed; (3) the prosecution was with malice; and (4) the prosecution ended in favor of plaintiff. *Ricciuti,* 124 F.3d at 130. Elements (1) and (4) are established. As discussed above, there is a factual dispute as to the existence of probable cause, the second element of malicious prosecution. The third element, malice, may be established by the force used or other factors. The granting of summary judgment to the defendant officers is not appropriate on this cause of action.

### 4. *Qualified Immunity*

■ An officer receives qualified immunity in an arrest lacking probable cause when "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991). Accepting the facts most favorable to the plaintiff, the defendant officers are not entitled to qualified immunity as a matter of law. Therefore, the defense of qualified immunity can not be determined on summary judgment and this issue may require submission to a jury. *Bowman v. Middletown,* 91 F.Supp.2d 644, 659 (S.D.N.Y.2000); *see Kim v. Hurston,* 182 F.3d 113, 120 (2d Cir.1999).

### 5. *State Law Claims*

■ The plaintiff's claims are for intentional acts on the part of the defendant officers. There is no viable claim in negligence. Therefore, the common law negligence claim must be dismissed.

## IV. CONCLUSION

For the above stated reasons, it is

ORDERED, that

1. The defendants Joseph A. Sinagra, Town of Ulster, Town of Ulster Police Department, City of Kingston, and City of Kingston Police Department's motions to dismiss are GRANTED;

2. The complaint is DISMISSED as to defendants Joseph A. Sinagra, Town of Ulster, Town of Ulster Police Department, City of Kingston, and City of Kingston Police Department;

3. The defendants George Carlson, Robert J. Keller, and John O. Sheeley's motions to dismiss are DENIED with regard to state and federal false arrest, excessive or unreasonable force, and malicious prosecution causes of action; and

4. The plaintiff's remaining causes of action are DISMISSED.

IT IS SO ORDERED.