**Melvin LEWIS, Plaintiff–Appellant,**

v.

**Scott DONAHUE, Police Officer, Individually and in His Official Capacity, Barry Angel, Police Officer, in his Individual and Office Capacity, City of Binghamton, Defendants–Appellees,**

**Joanne Rose Parry, Martin Smith, Defendants.**

No. 06–2800–cv.

United States Court of Appeals, Second Circuit.

Sept. 19, 2007.

Melvin Lewis, Auburn, NY, pro se.

David E. Butler, (Brian M. Seachrist on the brief), Butler & Butler, Vestal, NY, for Defendants–Appellees.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Melvin Lewis appeals from a June 6, 2006 order of the United States District Court for the Northern District of New York (McAvoy, *J.* ) denying his motion for summary judgment and dismissing his complaint *sua sponte.* We review *de novo* a district court's decision to dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2). *Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001).

The district court properly held that Lewis's malicious prosecution claim is barred by *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). To the extent that *Heck* arguably does not invalidate his false arrest and false imprisonment claims, *see Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995), these claims are precluded by the rules of collateral estoppel and res judicata. *See Johnson v. Watkins,* 101 F.3d 792, 794–95 (2d Cir.1996).

The judgment of the District Court is **AFFIRMED.** Plaintiff–Appellant's motion for compensation and punitive damages is **DISMISSED AS MOOT.**