09-4186-pr
Colliton v. Donnelly et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>  *Circuit Judges*,
> DAVID G. LARIMER,[*]
>  *District Judge.*

---

James P. Colliton,

> *Plaintiff-Appellant*,

  v.           09-4186-pr

Ann Marie Donnelly, Rachel Lauren Hochhauser, and Robert M. Morgenthau,

> *Defendants-Appellees*.

---

[*]The Honorable David G. Larimer, District Judge of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLANT:          James P. Colliton, *pro se*, Poughkeepsie, NY.

FOR APPELLEES:          Susan C. Roque, Assistant District Attorney, Cyrus R. Vance, Jr., District Attorney, New York County, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant James P. Colliton, *pro se*, appeals the judgment of the district court granting the Defendants-Appellees' Fed. R. Civ. P. 12(b)(6) motion to dismiss his 42 U.S.C. § 1983 complaint alleging various constitutional claims arising from his arrest, prosecution, and state court conviction in 2006 and 2007 for various charges of sexual misconduct. Colliton argues that the district court erred by finding his claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and by collateral estoppel (issue preclusion). We assume the parties' familiarity with the underlying facts and procedural history.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To survive a motion to dismiss

2

under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

After a thorough review of the record, we conclude that the majority of Colliton's claims are precluded by his prior state court conviction, while his remaining claims are either insufficiently pleaded or barred by absolute immunity. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) (finding that the Court of Appeals may "affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court").

"The fundamental notion of the doctrine of collateral estoppel, or issue preclusion, is that an *issue of law or fact* actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies." *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2009) (internal quotations omitted)(emphasis added). This principle applies to a judgment

3

from a New York state court, to which a federal court must give "the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996). Under New York law, because a criminal conviction is considered a valid final judgment for purposes of issue preclusion, it bars relitigation of all of the factual issues upon which that conviction was based. *See Singleton v. City of New York*, 632 F.2d 185, 205 (2d Cir. 1980) (citing *S.T. Grand, Inc. v. City of New York*, 32 N.Y.2d 300, 304-05 (1973)).

The majority of Colliton's claims rely on the presumption that, as a factual matter, he was not guilty of the offenses to which he entered a guilty plea in state court. But Colliton, who neither appealed his state court conviction nor sought to withdraw his plea, is collaterally estopped from challenging the facts supporting his conviction. Colliton argues that collateral estoppel is inapplicable to a § 1983 claim where the plaintiff was denied a "full and fair opportunity" to litigate his claims in the earlier action. Colliton contends that he was denied such an opportunity due to incompetent counsel at his state court proceedings. This is unavailing. Colliton, who practiced law at Cravath, Swaine & Moore LLP prior to his disbarment, entered a plea under oath and stated that he understood and knowingly admitted that he committed the offenses charged in the state

4

indictments, and that he voluntarily entered a plea free from any coercion.  Neither his complaint in this case nor his brief on appeal alleges facts sufficient to render facially plausible his claim that he was not afforded a full and fair opportunity to litigate his factual innocence in that proceeding.

In addition, we find Colliton's remaining claims to be insufficiently pleaded or barred by absolute prosecutorial immunity.  *See Ciambello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002) (finding that complaints containing conclusory or general allegations of conspiracy are insufficient to sustain a § 1983 action); *see also Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) ("Prosecutors are entitled to absolute immunity. . . because their prosecutorial activities are intimately associated with the judicial phase of the criminal process.") (internal quotations omitted).

We have considered Colliton's other arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk