■ PETER TSACHALIS, Appellant, v CITY OF MOUNT VERNON et al., Respondents. [739 NYS2d 849] —In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated June 20, 2000, which, upon a jury verdict in favor of the defendants and against him, dismissed the complaint.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered, with costs to abide the event.

The plaintiff contends that the trial court erroneously charged the jury that, to prevail on his claims for false arrest and false imprisonment, he had the burden of proving that there was no probable cause for his arrest. We agree. Where, as here, an arrest is made without a warrant, "a presumption arises that it was unlawful, and the burden of proving that the arrest was otherwise privileged is cast upon the defendant" (Williams v Moore, 197 AD2d 511, 513; see also Dabbs v State of New York, 59 NY2d 213; Broughton v State of New York, 37 NY2d 451, cert denied sub nom. Schanbarger v Kellogg, 423 US 929). Accordingly, the jury should have been instructed

that the defendants had the duty of proving that the warrantless arrest of the plaintiff was justified because it was supported by probable cause (*see Broughton v State of New York, supra* at 458; *Williams v Moore, supra; Figueroa v City of New York,* 84 AD2d 572). In addition, the existence of probable cause for an arrest does not bar a cause of action sounding in battery based upon the excessive use of force (*see Bennett v New York City Hous. Auth.,* 245 AD2d 254; *Freeman v Port Auth. of N.Y. & N.J.,* 243 AD2d 409). Thus, the trial court's charge on this issue was erroneous. .

Since a new trial is required because of these errors in instructing the jury on the law, we do not reach the plaintiff's remaining contentions. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.