■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARIEL TERRY, Appellant. [999 NYS2d 419]—

Judgment, Supreme Court, New York County (Analisa Torres, J., at suppression hearing; Renee A. White, J., at plea and sentencing), rendered May 29, 2012, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. The undercover police officers heard a codefendant making a suspicious cell phone call suggestive of illegal activity and then saw defendant and the codefendant huddling together in a manner consistent with a possible drug transaction. When the two men looked at the nearby officers, who at this point were merely observing, defendant discarded a pill and the codefendant discarded a bag of marijuana. These circumstances gave the officers, at the very least, a founded suspicion of criminality and a common-law right to inquire. Contrary to defendant's contention, the fact that the officers approached him from opposite sides did not create a forcible detention. Within the bounds of a common-law inquiry, it was permissible for the officers, who did not draw their weapons, to approach defendant and position themselves in front and behind him, and ask him if he had

narcotics in his possession (*see People v Becoate*, 59 AD3d 345, 345 [1st Dept 2009], *lv denied* 12 NY3d 851 [2009]).

When defendant told the officers the pill was oxycodone, but could not provide a prescription, the officers had probable cause to arrest him. Contrary to defendant's argument, the arrest was not based solely on defendant's failure to have a prescription with him, but on the totality of the preceding circumstances. In particular, defendant's act of discarding the pill was highly suspicious. If the pill had been legally possessed, there would have been no apparent reason for defendant to throw it away. Once defendant was arrested, the officers were entitled to search him incident to the arrest, and the drugs they recovered were properly obtained.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.