14-1335-cv
*Kanderskaya v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand fifteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

_____

IRINA KANDERSKAYA,

    *Plaintiff-Appellant*,

      v.              No. 14-1335-cv

THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISSIONER WILLIAM J. BRATTON[*], in his official capacity; NEW YORK CITY POLICE OFFICER RONALD PEREIRA, in his official and individual capacity; NEW YORK CITY POLICE OFFICER ZAYDA NATAL, in her official and individual capacity; NEW YORK CITY POLICE OFFICER JOHN P. MOGULA, in his official and individual capacity,

    *Defendants-Appellees*.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Police Commissioner William J. Bratton is automatically substituted for former Police Commissioner Raymond Kelly as appellee in this case. The Clerk of the Court is directed to amend the caption to read as shown above.

For Plaintiff-Appellant:               GARRY POGIL, New York, NY.

For Defendants-Appellees:              DEVIN SLACK, Of Counsel (Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.


Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Irina Kanderskaya appeals from a final judgment entered on April 10, 2014, by the U.S. District Court for the Southern District of New York (Hellerstein, *J.*). The order granted defendants' motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review Rule 12(c) motions for judgment on the pleadings *de novo*, accepting as true the facts plausibly alleged in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (per curiam).

On appeal, Kanderskaya argues that the district court erred in dismissing her claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution. However, "'[i]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness,' unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)); *see also Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime

2

by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."). Here, the complaint states that all three police officers arrested Kanderskaya in reliance on information from the putative victim, her husband. It does not allege that the officers had sufficient reason to doubt his veracity that would vitiate the probable cause provided by his complaint. At the time of the first arrest, the officers had only Kanderskaya's word against her husband's, and they were entitled to credit her husband's account. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Although [the officer] would have been entitled to believe [the arrestee's] version of events rather than [the putative victim's], he was not required to do so."). That Kanderskaya and her husband were experiencing marital discord did not require the officers to discount her husband's account, nor did Kanderskaya's protestations of innocence. *See id.* ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Moreover, by the second and third arrests, the arresting officers also knew that there was an order of protection against Kanderskaya that had been entered by a New York State Supreme Court justice, ordering Kanderskaya to stay away from her husband and refrain from communicating with or harassing him. Under these circumstances, the officers had no reason to doubt her husband's veracity and therefore had probable cause to arrest Kanderskaya.

In the context of false arrest, "the existence of probable cause is an absolute defense . . . and affords the arresting officer qualified immunity from litigation." *Caldarola v. Calabrese*, 298 F.3d 156, 161 (2d Cir. 2002). In the context of malicious prosecution, probable cause is also

3

a complete defense. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Here, Plaintiff alleges no intervening facts that would alter the probable cause analysis for the malicious prosecution claim. *Cf. Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996), *amended* (May 21, 1996). The district court therefore did not err in dismissing the false arrest and malicious prosecution claims.

Kanderskaya also argues that the district court erred in dismissing what she characterizes as a Section 1983 claim for intentional and negligent infliction of emotional distress. However, while a court may award damages for emotional suffering in a Section 1983 case, such damages are awarded only when the plaintiff "suffered distress because of the denial of procedural due process itself." *Miner v. City of Glens Falls*, 999 F.2d 655, 662 (2d Cir. 1993) (internal quotation marks omitted). As there was no finding of an underlying deprivation of a federal right, the district court also did not err in dismissing this claim.

Next, Kanderskaya contends that the district court erred in dismissing her *Monell* claim for municipal liability. However, because there is no underlying deprivation of a federal right here, there is correspondingly no *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).

Finally, Kanderskaya argues that the district court abused its discretion in declining to exercise supplemental jurisdiction over her state law claims. However, "in the usual case," where "all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (internal quotation marks and alterations omitted). The district court therefore did not abuse its discretion in declining to exercise supplemental jurisdiction.

4

We have considered all of the Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK