■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO CORONADO, Appellant. [30 NYS3d 628]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J., at suppression hearing; Denis J. Boyle, J., at nonjury trial and sentencing), rendered October 11, 2011, convicting defendant of operating a motor vehicle while under the influence of alcohol, and sentencing him to a conditional discharge for a period of one year and a $300 fine, unanimously reversed, on the law, defendant's suppression motion granted, and the accusatory instrument dismissed.

The court should have granted defendant's suppression motion. Two police officers testified that they saw defendant sitting in the driver's seat of a car, while he and a man standing outside the car but inside the driver's open door were pushing and pulling each other. The police also heard yelling but could not understand what the men were saying. After defendant got out of the car, the two men walked together toward a nearby bar. The officers indicated that they suspected that the other man had been committing a crime against defendant, such as robbery, and had coerced him to walk away from the car. However, there is no testimony indicating that the officers believed that defendant was a perpetrator of a crime until after one of the officers forcibly stopped him, by grabbing him by the shoulder to stop him from moving away, and the police then observed signs that he was intoxicated, such as bloodshot, watery eyes and an odor of alcohol on his breath. The officers' reasonable belief that defendant might have been a crime victim "authorized the police to ask [him] questions . . . and to follow [him] while attempting to engage him—but not to seize him in order to do so" (*People v Moore*, 6 NY3d 496, 500 [2006]).

The officers' testimony indicated that they did not perceive signs that defendant had committed the crime of operating a motor vehicle while under the influence of alcohol until after defendant was seized while walking away from the officers and then turned toward them. Thus, the officers' observations did

not provide reasonable suspicion to stop defendant, in the absence of "a particularized and objective basis for suspecting *the particular person stopped* of criminal activity" (*United States v Cortez*, 449 US 411, 417-418 [1981] [emphasis added]; *see also People v De Bour*, 40 NY2d 210, 223 [1976]). This case is distinguishable from *People v Jones* (118 AD2d 86 [1st Dept 1986], *affd* 69 NY2d 853 [1987]) and *People v Woods* (281 AD2d 570 [2d Dept 2001], *affd* 98 NY2d 627 [2002]), where, in each case, the police officers' belief that the defendant might have been a crime victim initially justified asking questions of the defendant, and the officers stopped the defendant only after his ensuing conduct gave rise to reasonable suspicion to believe that he had committed or was committing a crime.

Because proof of defendant's intoxication depended on the fruits of the unlawful stop, we dismiss the accusatory instrument (*see e.g. People v Diaz*, 107 AD3d 401, 402 [1st Dept 2013], *lv dismissed* 22 NY3d 996 [2013], *lv dismissed* 22 NY3d 1137 [2014]). In light of this disposition, we do not reach defendant's other arguments. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.