Shaw v City of Rochester (2021 NY Slip Op 07346)





Shaw v City of Rochester


2021 NY Slip Op 07346


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


130 CA 20-00026

[*1]SHARAD SHAW, PLAINTIFF-APPELLANT,
v
CITY OF ROCHESTER AND ROCHESTER POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS. 






VAN HENRI WHITE, ROCHESTER, FOR PLAINTIFF-APPELLANT.
TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered May 30, 2019. The judgment dismissed plaintiff's complaint and awarded defendants costs and disbursements. 
It is hereby ORDERED that the judgment so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for, inter alia, false arrest and false imprisonment and assault arising from his arrest following a report of an altercation at a recreation center. Supreme Court denied plaintiff's motion for partial summary judgment on his cause of action for false arrest and false imprisonment, and the matter proceeded to a jury trial. The court denied plaintiff's subsequent motion for a directed verdict with respect to the causes of action for false arrest and false imprisonment and assault and granted that part of defendants' motion seeking a directed verdict with respect to the assault cause of action. The jury thereafter returned a verdict in favor of defendants on the false arrest and false imprisonment cause of action, and plaintiff now appeals from a judgment that, inter alia, dismissed the complaint upon the jury verdict. We affirm.
We note at the outset that plaintiff's appeal from the final judgment brings up for review the court's order denying his motion for partial summary judgment inasmuch as it constitutes a "non-final . . . order which necessarily affects the final judgment" (CPLR 5501 [a] [1]; see Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1390 [4th Dept 2014]). Nevertheless, we reject plaintiff's contention that the court erred in denying that motion.
"With respect to a cause of action for false arrest or false imprisonment . . . , the elements are that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 961 [4th Dept 2014] [internal quotation marks omitted]; see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]). Where, as here, "there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful" (Broughton v State of New York, 37 NY2d 451, 458 [1975], cert denied 423 US 929 [1975]; see Tsachalis v City of Mount Vernon, 293 AD2d 525, 525 [2d Dept 2002]). Thus, "[t]he cases uniformly hold that where the arrest or imprisonment is extrajudicial . . . it is not necessary to allege want of probable cause in a false imprisonment action" (Broughton, 37 NY2d at 458; see D'Amico, 120 AD3d at 961). "Indeed, the burden is on the defendant to prove the opposite" (Broughton, 37 NY2d at 458; see Snead v Bonnoil, 166 NY 325, 328 [1901]). "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" for false arrest and false imprisonment (Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; see Broughton, 37 NY2d at 458).
Here, we conclude that, although plaintiff was arrested without a warrant, he was not entitled to summary judgment because defendants raised a triable issue of fact whether there was probable cause to support the arrest (see Hernandez v Denny's Corp., 177 AD3d 1372, 1374 [4th Dept 2019]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff was arrested for obstructing governmental administration in the second degree, which occurs when a person "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05). "The interference must be in part at least, physical in nature . . . , but criminal responsibility should attach to minimal interference set in motion to frustrate police activity" (People v Dumay, 23 NY3d 518, 524 [2014] [internal quotation marks omitted]; see People v Adair, 177 AD3d 1357, 1358 [4th Dept 2019], lv denied 34 NY3d 1125 [2020]).
The evidence submitted by defendants in opposition to plaintiff's motion included the deposition testimony of the arresting officer, who testified that he responded to a report of a fight at a recreation center. Upon his arrival, a witness identified plaintiff, who was then walking away from the recreation center, as an individual who was involved in the fight; the officer was not aware at that time whether plaintiff had been an assailant in the fight. As the dissent concedes, the officer "approached" plaintiff to investigate plaintiff's involvement in the fight. The officer then stopped "[a]bout 4 to 6 feet" in front of plaintiff before plaintiff continued walking and made contact with him. The dissent emphasizes that the officer believed he had reasonable suspicion at that time, but that belief is irrelevant to the analysis here (see generally People v Robinson, 97 NY2d 341, 349 [2001]).
Regardless of the officer's subjective belief, prior to plaintiff making contact with him, the arresting officer was exercising his common-law right of inquiry, which " 'is activated by a founded suspicion that criminal activity is afoot' " (People v Hollman, 79 NY2d 181, 184 [1992], quoting People v De Bour, 40 NY2d 210, 223 [1976]; see People v Moore, 6 NY3d 496, 498-499 [2006]). Furthermore, unlike the dissent, we read defendants' opposition papers on the motion and their brief on appeal as arguing, if somewhat inarticulately, this contention: that the arresting officer was conducting a common-law inquiry when he attempted to speak with plaintiff in order to investigate plaintiff's role in the altercation at the recreation center. Accordingly, this contention is squarely presented for our review. We conclude that the officer's act of "stepping in front of [plaintiff] in an attempt to engage him was a continuation of the officer's own common-law right to inquire, not a seizure" (Matter of Shariff H., 123 AD3d 714, 716 [2d Dept 2014], lv denied 25 NY3d 902 [2015]; see People v Terry, 124 AD3d 409, 409-410 [1st Dept 2015], lv denied 25 NY3d 993 [2015]; see generally People v Bora, 83 NY2d 531, 534-536 [1994]). Thus, the standard was not, as the dissent asserts, whether the officer had a sufficient quantum of knowledge at that point "to support a reasonable suspicion that plaintiff had committed a crime," but, rather, whether the officer had "a founded suspicion that criminal activity [wa]s present" (De Bour, 40 NY2d at 215; see Moore, 6 NY3d at 498-499; Hollman, 79 NY2d at 184-185; People v Benjamin, 51 NY2d 267, 270 [1980]). Defendants met that standard by providing evidence that the arresting officer was aware that plaintiff had been involved in an altercation, despite the fact that the officer did not know whether plaintiff was the victim or the aggressor (see People v Bachiller, 93 AD3d 1196, 1196 [4th Dept 2012], lv dismissed 19 NY3d 861 [2012]; People v Chertok, 303 AD2d 519, 520 [2d Dept 2003]; see generally Moore, 6 NY3d at 497-498; People v Dibble, 43 AD3d 1363, 1363-1364 [4th Dept 2007], lv denied 9 NY3d 1032 [2008]).
Further, while "[a]n individual to whom a police officer addresses a question has a constitutional right not to respond" (People v Howard, 50 NY2d 583, 586 [1980], cert denied 449 US 1023 [1980]), that person does not have the right to attempt to "walk through"—and thereby make physical contact with—the officer (see e.g. Adair, 177 AD3d at 1357-1358). Here, the officer described plaintiff's physical contact as more than merely incidental and similar to the degree of contact that occurs when a moving basketball player makes contact with a stationary player in an attempt to occupy the same space "and the referee calls for a blocking foul." Defendants also submitted the criminal complaint filed against plaintiff, which likewise alleged that plaintiff's attempt to walk through the officer prompted the officer to arrest plaintiff for obstructing governmental administration in the second degree. Based on the above, we conclude that defendants raised a triable issue of fact whether there was probable cause to arrest plaintiff, and the court thus properly denied plaintiff's motion for partial summary judgment (see De [*2]Lourdes Torres, 26 NY3d at 759; Gisondi v Town of Harrison, 72 NY2d 280, 283 [1988]; Hernandez, 177 AD3d at 1374).
To the extent that plaintiff further contends that the court erred in denying that part of his motion seeking a directed verdict with respect to his cause of action for false arrest and false imprisonment, we reject that contention. On a motion for a directed verdict, the court must accept as true the nonmoving party's evidence and afford that party "every favorable inference that may reasonably be drawn from the facts as presented . . . and grant the motion only if there is no rational process by which the [jury] could have found in [the non-movant's] favor" (Kleist v Stern, 174 AD3d 1451, 1452 [4th Dept 2019]; see Stillman v Mobile Mtn., Inc., 166 AD3d 1580, 1581 [4th Dept 2018]; Bolin v Goodman, 160 AD3d 1350, 1351 [4th Dept 2018]). "[A] directed verdict should be granted only if it would be 'utterly irrational' for the jury to render a verdict in favor of the [non-movant]" (Estate of Smalley v Harley-Davidson Motor Co. Group LLC, 170 AD3d 1549, 1551 [4th Dept 2019], quoting Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
Affording defendants "every favorable inference that may reasonably be drawn from the facts as presented" (Kleist, 174 AD3d at 1452), we conclude that it would not have been "utterly irrational" (Cohen, 45 NY2d at 499) for the jury to determine that plaintiff, by making physical contact with the officer in an attempt to "walk through" him as the officer was investigating the report to which he was dispatched, frustrated police activity to such an extent that the officer reasonably believed that plaintiff committed the offense of obstructing governmental administration in the second degree (see Dumay, 23 NY3d at 524; People v Bigelow, 66 NY2d 417, 423 [1985]). Inasmuch as the existence of probable cause constitutes a complete defense to a false arrest or false imprisonment cause of action (see De Lourdes Torres, 26 NY3d at 759; Gisondi, 72 NY2d at 283), the court properly denied plaintiff's motion insofar as it sought a directed verdict on his cause of action for false arrest and false imprisonment.
The court also properly denied plaintiff's motion insofar as it sought a directed verdict on the assault cause of action and properly granted defendants' motion for a directed verdict with respect to that cause of action. Negligent assault is not a cognizable claim in New York (see Smiley v North Gen. Hosp., 59 AD3d 179, 180 [1st Dept 2009]; Salimbene v Merchants Mut. Ins. Co., 217 AD2d 991, 994 [4th Dept 1995]), and thus the court properly granted defendants' motion for a directed verdict with respect to plaintiff's assault cause of action insofar as it was premised on allegations of negligence (see Cohen, 45 NY2d at 499; Estate of Smalley, 170 AD3d at 1551). With respect to the claim of intentional assault, "there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Cotter v Summit Sec. Servs., Inc., 14 AD3d 475, 475 [2d Dept 2005] [internal quotation marks omitted]; see Mykytyn v Hannaford Bros. Co., 141 AD3d 1153, 1154-1555 [4th Dept 2016]). The record, however, lacks the requisite proof of such conduct. There was no evidence adduced at trial that plaintiff "bec[a]me concerned that [the officer was] about to cause a harmful or offensive bodily contact" or that the officer engaged in a "menacing act or gesture that cause[d] the plaintiff to believe that a harmful or offensive bodily contact [was] about to occur" (PJI 3:2).
We also reject plaintiff's contention that the court abused its discretion in denying his motion pursuant to CPLR 3025 (c) to amend the pleading to conform to the proof at trial by including a cause of action for battery (see generally Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 143 AD3d 1238, 1240-1241 [4th Dept 2016]; General Elec. Co. v Towne Corp., 144 AD2d 1003, 1004 [4th Dept 1988], lv dismissed 73 NY2d 994 [1989]). "Although leave to amend [the pleadings] should be freely granted, it will not be granted if the proposed amendment is without merit or would cause prejudice to the opposing party" (Fingerlakes Chiropractic v Maggio, 269 AD2d 790, 791 [4th Dept 2000]; see Guest v City of Buffalo, Dept. of Sts. Sanitation, 109 AD2d 1080, 1081 [4th Dept 1985]). Here, defendants made strategic decisions throughout the trial and based their defense on the allegations in the complaint, and plaintiff "failed to establish a reasonable excuse for [his] delay of nearly [nine] years in making the motion" (Tinch-McNeill v Alcohol & Drug Dependency Servs., Inc., 96 AD3d 1407, 1408 [4th Dept 2012]).
Finally, we reject plaintiff's contention that the court erred in denying his request to include in its charge to the jury a quotation from a federal case. The court, relying on the pattern jury instructions, properly stated the law relevant to the particular facts in issue, and the language [*3]requested by plaintiff would have "confuse[d] or incompletely convey[ed] the germane legal principles to be applied" (J.R. Loftus, Inc. v White, 85 NY2d 874, 876 [1995]).
All concur except Peradotto, J.P., and Troutman, J., who dissent and vote to modify in accordance with the following memorandum: The majority's reasoning rests entirely on unpreserved, alternate grounds for affirmance adopted sua sponte by the majority. For that reason, we respectfully dissent. Considering the contentions that are properly before us, we conclude that Supreme Court erred in denying plaintiff's motion for partial summary judgment on his cause of action for false arrest and false imprisonment. We would therefore modify the judgment accordingly and remit the matter for a trial on damages.
On the day of the incident, the 16-year-old plaintiff was at the Flint Street Recreation Center (recreation center) in the City of Rochester when he was struck by an unknown assailant. An employee of the recreation center called 911, but plaintiff left and began walking home before the police arrived. While plaintiff was walking away, a police officer arrived at the scene and spoke to the employee, who pointed to plaintiff and identified him as a person who had been involved in the altercation. The officer did not ask the employee any follow-up questions to determine the nature of plaintiff's involvement. Instead, the officer determined, on the basis of the information he had, that he then had at least reasonable suspicion to forcibly stop plaintiff, and he approached plaintiff for the purpose of determining whether he was the victim of the assault or the assailant. In response to the officer's questions, plaintiff asked to be left alone and continued walking home. The officer then stepped in front of plaintiff, placing himself in plaintiff's path. Plaintiff walked into the officer, who immediately took plaintiff to the ground and, according to the officer, arrested plaintiff for obstructing governmental administration in the second degree (Penal Law § 195.05) for failing to answer the officer's questions and for making physical contact. After plaintiff was released from jail, he went to the emergency room where he was diagnosed with a fractured jaw. The obstructing governmental administration charge was eventually dismissed.
Plaintiff commenced this action to recover damages for, inter alia, false arrest and false imprisonment and thereafter moved for partial summary judgment on that cause of action. In opposition to the motion, defendants contended only that the officer, based on the information that he received from the employee, "had a reasonable suspicion that plaintiff was the suspected assailant in the fight" and "initiated a lawful 'Terry stop' of . . . plaintiff to temporarily detain him to question and investigate plaintiff's role in the fight" (see generally Terry v Ohio, 392 US 1, 20-27 [1968]). Once plaintiff refused to answer the officer's questions and made physical contact with him, the officer arrested him for obstructing governmental administration. The court denied the motion, concluding only that there were "issues of fact."
On appeal, plaintiff contends that the court erred in denying his motion for partial summary judgment on the ground that there were issues of fact whether the officer's confinement of him was privileged. Defendants respond, as they did in opposition to the motion, that the officer engaged in a lawful forcible stop from the outset of the encounter based on reasonable suspicion that plaintiff had committed a crime at the recreation center: "In this case it was clear to the [c]ourt . . . that there was a reasonable suspicion for [the o]fficer . . . to conduct an investigatory 'Terry stop' " of plaintiff. According to defendants, when plaintiff refused the officer's demand to stop and answer questions and made physical contact with the officer, the officer then had probable cause to arrest plaintiff for obstructing governmental administration in the second degree for obstructing the lawful forcible stop. We agree with plaintiff.
The elements of a cause of action for false arrest or imprisonment are "that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; see Zegarelli-Pecheone v New Hartford Cent. Sch. Dist., 132 AD3d 1258, 1259 [4th Dept 2015]). Where, as here, "there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful" (Broughton v State of New York, 37 NY2d 451, 458 [1975], cert denied 423 US 929 [1975]; see Tsachalis v City of Mount Vernon, 293 AD2d 525, 525 [2d Dept 2002]). Thus, plaintiff met his initial burden on his motion for partial summary judgment by showing that his arrest was made without a warrant, thereby shifting the burden to defendants to raise an issue of fact whether the officer had probable cause for the arrest [*4](see Fakoya v City of New York, 115 AD3d 790, 791 [2d Dept 2014]; Ostrover v City of New York, 192 AD2d 115, 118 [1st Dept 1993]).
Contrary to the majority, we conclude that defendants failed to raise an issue of fact whether the officer had probable cause to arrest plaintiff for obstruction of governmental administration. "[A] defendant may not be convicted of obstructing governmental administration or interfering with an officer in the performance of an official function unless it is established that the police were engaged in authorized conduct" (People v Lupinacci, 191 AD2d 589, 590 [2d Dept 1993]; see People v Sumter, 151 AD3d 556, 557 [1st Dept 2017]; People v Perez, 47 AD3d 1192, 1194 [4th Dept 2008]). In determining whether police conduct was authorized, we apply the four-tier framework established by the Court of Appeals in People v De Bour (40 NY2d 210 [1976]) and consider whether the conduct "was justified in its inception and . . . reasonably related in scope to the circumstances which rendered its initiation permissible" (id. at 222). The common-law right to inquire "is activated by a founded suspicion that criminal activity is afoot and permits . . . [a police officer] to interfere with a citizen to the extent necessary to gain explanatory information, but short of a forcible seizure" (id. at 223). A forcible stop, which defendants have steadfastly argued is what occurred here, is a separate level of contact permitting a significantly greater degree of intrusion (see People v Hollman, 79 NY2d 181, 184-185 [1992]; De Bour, 40 NY2d at 223) and is not authorized unless the officer has "reasonable suspicion that a crime has been, is being, or is about to be committed" by that person (People v Martinez, 80 NY2d 444, 447 [1992]; see De Bour, 40 NY2d at 223). Reasonable suspicion is the "quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113 [1975]; see Martinez, 80 NY2d at 448). "It may not rest on equivocal or 'innocuous behavior' that is susceptible of an innocent as well as a culpable interpretation" (People v Brannon, 16 NY3d 596, 602 [2011]). Thus, to justify a forcible stop, "the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion" (Cantor, 36 NY2d at 113; see Brannon, 16 NY3d at 602).
Here, we conclude that the officer did not have probable cause to arrest plaintiff for obstructing governmental administration in the second degree based on his alleged obstruction of a lawful forcible stop. Even viewing the submissions in the light most favorable to defendants, we conclude that the objective evidence before the officer established only that plaintiff had been identified as a person who had been involved in a fight. The officer's deposition testimony that the nature of plaintiff's involvement was such that plaintiff could have been a victim or a suspect and that the officer needed more information before making that determination demonstrated that the officer's quantum of knowledge at that point was insufficient to support a reasonable suspicion that plaintiff had committed a crime (see People v Coronado, 139 AD3d 452, 452-453 [1st Dept 2016]; People v Reyes, 69 AD3d 523, 524-526 [1st Dept 2010], appeal dismissed 15 NY3d 863 [2010]; cf. Martinez, 80 NY2d at 448). Defendants' submissions in opposition further support the conclusion that the officer lacked the requisite reasonable suspicion to conduct a forcible stop. Thus, the officer was not authorized to forcibly stop plaintiff and lacked probable cause to arrest plaintiff for obstructing governmental administration in the second degree for plaintiff's purported obstruction of such an unauthorized forcible stop. Plaintiff's confinement therefore was not privileged, and plaintiff was entitled to partial summary judgment on his cause of action for false arrest and false imprisonment (see generally Lupinacci, 191 AD2d at 590; Tetreault v State of New York, 108 AD2d 1072, 1074 [3d Dept 1985]).
In our view, the majority does not affirm on the ground raised by the parties and decided by the trial court. Instead, the majority concludes that the officer had probable cause to arrest plaintiff for obstructing governmental administration because the officer lawfully exercised the common-law right to inquire and plaintiff interfered with the officer's investigation by making contact with him. From our perspective, however, that theory is an alternative ground for affirmance that the majority has raised sua sponte (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Moreover, that ground was not presented to the trial court in the first instance and therefore is not properly before us (see Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC, 178 AD3d 1374, 1376 [4th Dept 2019]; Breau v Burdick, 166 AD3d 1545, 1549 [4th Dept 2018]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court