Moll v Griffith (2022 NY Slip Op 04863)

Moll v Griffith

2022 NY Slip Op 04863

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

539 CA 21-00455

[*1]MARK MOLL AND CARMELA MOLL, PLAINTIFFS-RESPONDENTS,
v
WILLIAM F. GRIFFITH, II, ALSO KNOWN AS W F GRIFFITH, II, CITY OF JAMESTOWN AND JAMESTOWN DEPARTMENT OF PUBLIC WORKS, DEFENDANTS-APPELLANTS. 

SUGARMAN LAW FIRM LLP, BUFFALO (MARINA A. MURRAY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LEWIS & LEWIS, P.C., BUFFALO (MICHAEL T. COUTU OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered March 12, 2021. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as it alleges claims of negligent hiring, training, and supervision and negligent entrustment, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Mark Moll when the pickup truck that he was driving was struck by a snowplow owned by defendant City of Jamestown (City) and operated by defendant William F. Griffith, II, also known as W F Griffith, II, an employee of defendant Jamestown Department of Public Works (DPW). Defendants appeal from an order that, inter alia, denied their motion for summary judgment dismissing the complaint.
We agree with defendants that Supreme Court erred in denying that part of their motion seeking summary judgment dismissing plaintiffs' negligent hiring, training, and supervision claim, and we therefore modify the order accordingly. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision, or training" (Decker v State of New York, 164 AD3d 650, 653 [2d Dept 2018] [internal quotation marks omitted]; see Brown v First Student, Inc., 167 AD3d 1455, 1456 [4th Dept 2018]; Watson v Strack, 5 AD3d 1067, 1068 [4th Dept 2004]). "While an exception exists to this general principle where the injured plaintiff is seeking punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee" (Watson, 5 AD3d at 1068 [internal quotation marks omitted]), "that exception is inapplicable [where the plaintiffs] did not seek punitive damages based upon an allegation that the defendant was grossly negligent in the hiring of its employees" (Decker, 164 AD3d at 654; see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 741-742 [2d Dept 2017]). Here, plaintiffs do not seek punitive damages and failed to allege that defendants acted with gross negligence (see Decker, 164 AD3d at 654).
We also agree with defendants that the court erred in denying their motion with respect to plaintiffs' negligent entrustment claim, and we therefore further modify the order accordingly. "To establish a cause of action under a theory of negligent entrustment, the defendant must . . . [*2]have some special knowledge concerning a characteristic or condition peculiar to the [person to whom a particular chattel is given] which renders [that person's] use of the chattel unreasonably dangerous" (Monette v Trummer, 105 AD3d 1328, 1330 [4th Dept 2013], affd 22 NY3d 944 [2013] [internal quotation marks omitted]; see Cook v Schapiro, 58 AD3d 664, 666 [2d Dept 2009], lv denied 12 NY3d 710 [2009]). Here, defendants' submissions established that Griffith had prior experience driving a snowplow and, for a few weeks after Griffith was hired by DPW, he was trained by an experienced snowplow driver through a training program provided by the City, during which Griffith observed and emulated the experienced driver's practices. Further, Griffith did not have a poor driving record, he had a commercial driver's license, and he previously was employed by the State of New York as a snowplow driver. We therefore conclude that defendants met their prima facie burden for summary judgment with respect to the negligent entrustment claim (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiffs failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to defendants' contention, however, they failed to establish as a matter of law that Griffith did not operate the snowplow with reckless disregard for the safety of others, and we therefore conclude that the court properly denied the motion with respect to that issue (see Haist v Town of Newstead, 27 AD3d 1133, 1134 [4th Dept 2006]; see generally Vehicle and Traffic Law § 1103 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Ruiz v Cope, 119 AD3d 1333, 1334 [4th Dept 2014]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court