Taylor v City of Buffalo (2024 NY Slip Op 03632)

Taylor v City of Buffalo

2024 NY Slip Op 03632

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

381 CA 23-00455

[*1]DEAN TAYLOR, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, COMMISSIONER BYRON C. LOCKWOOD, POLICE OFFICER KYLE T. MORIARITY, POLICE OFFICER CHRISTOPHER BRIDGETT AND JOHN DOES 1-10, DEFENDANTS-APPELLANTS.

CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (RYAN M. SOLLENNE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
SHAW & SHAW, P.C., HAMBURG (BLAKE J. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered February 21, 2023. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part, dismissing the complaint against defendants City of Buffalo Police Department, Commissioner Byron C. Lockwood, and John Does 1-10, dismissing the 4th, 5th, 6th and 11th causes of action, and dismissing the claim for punitive damages, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages stemming from plaintiff's arrest by defendants Police Officer Kyle T. Moriarity and Police Officer Christopher Bridgett for making a video recording of police officers at a crime scene. Defendants appeal from an order that denied their motion for summary judgment dismissing the complaint.
We agree with defendants that Supreme Court erred in denying those parts of their motion seeking to dismiss the complaint against defendants City of Buffalo Police Department, Commissioner Byron C. Lockwood, and John Does 1-10 (John Doe defendants). First, inasmuch as the City of Buffalo Police Department is merely an administrative unit of defendant City of Buffalo, it cannot be independently sued (see generally Village of Brockport v County of Monroe Pure Waters Div., 75 AD2d 483, 486-487 [4th Dept 1980], affd 54 NY2d 678 [1981]), and we therefore modify the order accordingly.
Similarly, the court erred in denying that part of the motion seeking to dismiss the complaint against Lockwood, and we therefore further modify the order accordingly. Plaintiff has not asserted any theory of liability against Lockwood and his name appears nowhere in the complaint save for the caption. Furthermore, Lockwood is not sued in his individual capacity and there are no allegations that he was personally involved in the incident. Thus, even assuming, arguendo, that the complaint states claims against Lockwood in his official capacity, they must be dismissed as duplicative of the claims against the City of Buffalo (see Kanderskaya v City of New York, 11 F Supp 3d 431, 435 [SD NY 2014], affd 590 Fed Appx 112 [2d Cir 2015]; Reinhardt v City of Buffalo, 2021 WL 2155771, *5 [WD NY, May 27, 2021, No. 1:21-cv-206]).
We further agree with defendants that the complaint against the John Doe defendants must be dismissed, and we therefore further modify the order accordingly. Defendants [*2]established that plaintiff did not identify and effect service upon the John Doe defendants within the relevant statute of limitations period, and plaintiff failed to raise a triable issue of fact in response (see Lepore v Town of Greenburgh, 120 AD3d 1202, 1204 [2d Dept 2014]). Inasmuch as the John Doe defendants are the only defendants being sued in their individual capacity and plaintiff sought "[p]unitive [d]amages against all individual defendants" only, plaintiff's claim for punitive damages must also be dismissed. We therefore further modify the order by granting that part of the motion seeking to dismiss the claim for punitive damages.
Contrary to defendants' contention, the court properly denied their motion insofar as it sought dismissal of plaintiff's first cause of action against Moriarity and Bridgett, sounding in excessive force. "Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness . . . . Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (Wright v City of Buffalo, 137 AD3d 1739, 1742 [4th Dept 2016] [internal quotation marks omitted]; see Snow v Schreier, 193 AD3d 1346, 1347 [4th Dept 2021]; Bridenbaker v City of Buffalo, 137 AD3d 1729, 1730 [4th Dept 2016]; Combs v City of New York, 130 AD3d 862, 864-865 [2d Dept 2015]). Here, the evidence submitted by defendants, including the body camera footage of the incident and the deposition testimony of Moriarity, who testified that he punched plaintiff in the head while effecting plaintiff's arrest, raise a triable issue of fact concerning "the degree of plaintiff's resistance, the threat [he] posed, and the degree of force [Moriarity and Bridgett] used" (Snow, 193 AD3d at 1348).
For the same reason, we reject defendants' contention that the court erred in denying their motion insofar as it sought dismissal of plaintiff's seventh, eighth, and ninth causes of action against Moriarity and Bridgett, sounding in assault, battery, and battery committed in performance of a public duty. By submitting the deposition testimony of plaintiff and Moriarity and the bodycam videos, defendants' initial submission created triable issues of fact with respect to those causes of action "without regard to the sufficiency of the opposing papers" (Rivera v Rochester Gen. Health Sys., 173 AD3d 1758, 1760 [4th Dept 2019]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Contrary to defendants' contention, the court properly denied their motion with respect to the 10th cause of action against Moriarity and Bridgett, for false imprisonment, inasmuch as defendants failed to establish that there was probable cause to arrest plaintiff. " 'The existence of probable cause serves as a legal justification for [an] arrest and an affirmative defense to [a] claim' for . . . false imprisonment" (Shaw v City of Rochester, 200 AD3d 1551, 1552 [4th Dept 2021], appeal dismissed 38 NY3d 1181 [2022], quoting Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]). Whether the defendants have probable cause to effect a plaintiff's arrest is generally a question of fact to be decided by the jury, and should "be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest" (MacDonald v Town of Greenburgh, 112 AD3d 586, 586-587 [2d Dept 2013]; see Orminski v Village of Lake Placid, 268 AD2d 780, 781 [3d Dept 2000]). Defendants' submissions in support of the motion create a triable issue of fact whether there was probable cause to arrest plaintiff (see generally Shaw, 200 AD3d at 1553; MacDonald, 112 AD3d at 587), and thus, because defendants failed to meet their burden with respect to the 10th cause of action against Moriarity and Bridgett, that part of the motion was properly denied "without regard to the sufficiency of the opposing papers" (Rivera, 173 AD3d at 1760).
We further conclude that the court properly denied that part of defendants' motion for summary judgment dismissing plaintiff's second cause of action against the City of Buffalo, for liability under 42 US § 1983 based on allegations that, inter alia, Moriarity and Bridgett deprived plaintiff of his constitutional rights by assaulting him. Inasmuch as there are questions of fact with respect to the use of force against plaintiff by Moriarity and Bridgett, and defendants merely pointed to gaps in plaintiff's proof (see generally Freeland v Erie County, 204 AD3d 1465, 1467 [4th Dept 2022]) with respect to the existence of a policy or custom of using excessive force by members of the City of Buffalo Police Department (see generally Brooks v City of Buffalo, 209 AD3d 1270, 1271 [4th Dept 2022]), defendants failed to meet their initial burden on their motion with respect to the second cause of action.
We further reject defendants' contention that the court erred in denying that part of their motion seeking to dismiss the 12th cause of action against Moriarity and Bridgett, for negligent infliction of emotional distress. Contrary to defendants' contention, " 'extreme and outrageous conduct is not an essential element of a cause of action to recover damages for negligent infliction of emotional distress' " (Stephanie L. v House of the Good Shepherd, 186 AD3d 1009, 1014 [4th Dept 2020]).
We agree with defendants that the court erred in denying their motion with respect to the fourth, fifth, and sixth causes of action against the City of Buffalo, sounding in negligent hiring, negligent retention, and negligent training and supervision, and we therefore further modify the order accordingly. As relevant here, in those causes of action plaintiff alleges that the City of Buffalo was negligent in the hiring, retention and training and supervision of Moriarity and Bridgett, and plaintiff further alleges that Moriarity and Bridgett were acting in their capacities as employees of the City of Buffalo. It is well settled, however, that "where an employee is acting within the scope of [their] employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision, or training" (Moll v Griffith, 208 AD3d 1032, 1033 [4th Dept 2022] [internal quotation marks omitted]).
Finally, we also agree with defendants that the court erred in denying their motion with respect to the 11th cause of action against Moriarity and Bridgett, for intentional infliction of emotional distress. Moriarity and Bridgett are sued in their official capacity only, and "[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity" (Liranzo v New York City Health & Hosps. Corp., 300 AD2d 548, 548 [2d Dept 2002]; see Boyle v Caledonia-Mumford Cent. Sch., 140 AD3d 1619, 1620-1621 [4th Dept 2016], lv denied 28 NY3d 905 [2016]). We therefore further modify the order accordingly.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court